```
UNITED STATES DISTRICT COURT                                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                               DOCUMENT
---------------------------------------------------------X  ELECTRONICALLY FILED
                                                    :       DOC #:_____
CELESTINA MEJIA et al.,                             :       DATE FILED: 10/20/2022
                                                    :
                        Plaintiffs,                 :
                                                    :       20-cv-02884 (LJL)
        -v-                                         :
                                                    :              ORDER
AVONDALE CARE GROUP, LLC, d/b/a                     :
AVONDALE CARE GROUP, et al.,                        :
                                                    :
                        Defendants.                 :
                                                    X
---------------------------------------------------------
```

LEWIS J. LIMAN, United States District Judge:

The parties in this matter filed a stipulation and order of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Dkt. No. 48. The case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Under current Second Circuit law, stipulated dismissals settling FLSA claims with prejudice—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, it is hereby ORDERED that, on or before **December 1, 2022**, the parties must submit to the Court a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The letter should also address, if applicable, any attorney's fee award to plaintiffs' counsel (with documentation to support the latter, if appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600. It is not sufficient to state the proportion of the requested attorney's fee to the overall settlement amount. Rather, the reasonableness of attorney's fees

2

must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee).  Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement approval hearing on **December 16, 2022 at 12:00 p.m.**  Plaintiff shall appear at the hearing and, if necessary, with an interpreter.  The parties are directed to dial (888) 251-2909 and use the access code 2123101.

SO ORDERED.

Dated: October 20, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge